CRÉDITO Y AHORRO PONCEÑO, PLAINTIFF AND APPELLANT, *v.* BEIRÓ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action of Debt.—Motion for Dismissal.

No. 2957.—Decided March 6, 1923.

APPEAL—DEFAULT—ADVERSE PARTY—NOTICE.—A, B and C were sued on a joint and several obligation. A default judgment was entered against A and B. The creditor having appealed from the judgment, which absolved C from liability, C moved for the dismissal of the appeal on the ground that no notice of it had been given to A and B. *Held:* That the defenses pleaded to the complaint by the appellee being purely personal, for which reason the defaulted defendants can not be affected by either an affirmance or a reversal of the judgment, it is necessary to conclude that they were not adverse parties to whom notice of the appeal should be given; therefore the motion for dismissal should be overruled.

The facts are stated in the opinion.

*Mr. T. Bernardini* for the appellant.

*Mr. C. Domínguez Rubio* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is a motion for dismissal of the appeal.

The appellee bases the said motion on various grounds, but the gist of a condensation of them is that two of the defaulted defendants were not served with notice of the appeal and that being parties adverse to the plaintiff who would be affected in one way or another by the judgment, the Supreme Court has no jurisdiction of all of the parties to the action.

The appellant opposed the motion, both parties were heard and the case was submitted for consideration and decision.

In conformity with the facts of the present case it is necessary to decide only the single question of whether defendants Patria Martínez Vivaldi and Santiago Vivaldi y Santini, against whom a default judgment was rendered, are necessary parties to the appeal in the sense that they may

be affected by a modification, reversal or affirmance of the judgment rendered in favor of the defendant-appellee. Counsel for the latter cites in support of his motion section 296 of the Code of Civil Procedure, which prescribes the manner of perfecting an appeal, and also makes a careful review of the jurisprudence of this court as well as of other American courts with regard to the failure to serve the notice of appeal when there are several defendants, but these cases show clearly that the circumstances surrounding them are different from those of the present case and that the question was of necessary parties or adverse parties who might be affected by a modification, reversal or affirmance of the judgment on appeal.

In the present case the legal status of the defendants is different. The action is to recover a certain sum of money secured by a joint and several obligation signed by the defaulting defendants and by defendant Fernando Beiró in favor of the plaintiff, the Crédito y Ahorro Ponceño. The complaint includes all of the defendants, but at the outset the summons was served only on defendant Beiró. Thereafter, when about seventeen months had elapsed since the commencement of the action, by reason of the pleadings of defendant Beiró the plaintiff had the summons served on defendants Patria Martínez Vivaldi and Santiago Vivaldi Santini, whose default had been entered because they had failed to enter appearance in any form, and a separate judgment was rendered against them.

In case of a joint obligation, as the one here involved, the plaintiff is allowed by section 1111 of the Civil Code in connection with section 96 of the Code of Civil Procedure to prosecute the case in the manner in which it was done here. The defendant-appellee refers in his brief to section 1111 of the Civil Code, *supra,* and admits that in the case of a joint obligation the action may be brought against any or all of

the defendants. But he avers at the same time that "the action before us is one against joint and several debtors, which is different from joint debtors." According to this interpretation section 1111, *supra,* would seem to be inapplicable to a case like this in which the obligation begins with the following words: "We promise to pay jointly and severally, etc." This is a phrase of current use in writing that kind of obligations when there is more than one payor and it is desired to fix the liability of the different payors *pro rata* or exact it wholly from any one of them, as distinguished and provided in section 1104 of the Civil Code which reads as follows:

"Sec. 1104.—The concurrence of two or more creditors, or of two or more debtors in a single obligation, does not imply that each one of the former has a right to ask, nor that each one of the latter is bound to comply in full with the things which are the object of the same. This shall only take place when the obligation determines it expressly, being constituted as a joint obligation."

The wording of this section is perfectly clear. It provides that the presumption of severalty shall apply only "when the obligation determines it expressly, being constituted as a joint obligation." See 8 Manresa, 174. In this case the obligation in favor of the plaintiff expressly determines its joint character by the use made therein of the word "jointly," thus complying with the requirement of the statute for the non-application of the presumption of several liability, inasmuch as the statute requires the express statement that the obligation is *in solidum.*

Under these circumstances, and bearing in mind that notwithstanding the default judgment, to which we have referred the plaintiff does not seem to have succeeded in enforcing the obligation, that judgment was not an obstacle to the prosecution of the action in the ordinary manner against defendant Beiró, both in the trial court and in the appellate court, to final judgment.

It is true that in continuing the proceedings against Beiró he was absolved from liability by the judgment of the trial court, but on the merits of the case it appears that the pleadings of the appellee in opposition to the complaint were exclusively defenses personal to himself which can not in any manner affect the other defendants, whether the judgment appealed from is affirmed or reversed; consequently, defendants Patria Martínez Vivaldi and Santiago Vivaldi Santini can not be considered in this appeal as adverse parties who should be served with the notice of appeal according to section 296 of the Code of Civil procedure.

The motion must be overruled.

*Motion overruled.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.